UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>BRUCE CEARLOCK,<br><br>Movant. | No. 2:11-cr-182 TLN DB 1<br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent moves to dismiss this action as time-barred. For the reasons set forth below, this court will recommend respondent's motion to dismiss be granted and movant's § 2255 motion be dismissed.

**BACKGROUND**

In 2011, movant was indicted on various charges for making false statements to obtain disability-based compensation from the Office of Workers Compensation Programs ("OWCP") from about August 2005 to September 2010. On September 19, 2013, movant plead guilty to three counts of False Statements to Obtain Federal Employees' Compensation, in violation of 18 U.S.C. § 1920. (ECF Nos. 69, 71.) Shortly thereafter, movant moved to withdraw his plea. (See

////

////

1

ECF No. 73.) On December 18, 2014, that motion was denied and movant was sentenced.[1] (ECF No. 90.) Movant then noticed an appeal on January 9, 2015. (ECF No. 100.) On June 22, 2015, at movant's request, the Court of Appeals dismissed the appeal. (ECF No. 115.)

On November 15, 2016, movant filed the present § 2255 motion.[2] (ECF No. 116.) He raises three claims: (1) prosecutorial misconduct for the introduction of evidence of uncharged conduct, (2) ineffective assistance of counsel for counsel's failure to advise him that the government intended to introduce evidence of uncharged conduct, and (3) his guilty plea deprived him of the right to get a ruling on a motion challenging jurisdiction. On December 8, 2016, respondent moved to dismiss this proceeding as untimely. (ECF No. 122.)

## MOTION TO DISMISS

### I. Legal Standards

"Under 28 U.S.C. § 2255(f), there is a one-year period of limitation to file a collateral attack on a federal conviction that runs from the latest of four events[.]" United States v. Gilbert, 807 F.3d 1197, 1199 (9th Cir. 2015). Only two of these four events have potential application to the determination whether the instant motion was timely filed. Movant's § 2255 motion must have been filed in this court within one year from "the latest of" the following: "(1) the date on which the judgment of conviction becomes final; [or] .... (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2255(f).

### II. Analysis

Movant's conviction became final on June 22, 2015, when the Court of Appeals granted movant's request to voluntarily dismiss his direct appeal. See Cooper v. Cooke, No. CV 06-00271DAE-LEK, 2006 WL 3124907, at *3 (D. Haw. Oct. 30, 2006) (conviction final on date

---

[1] In his motion, movant misstates the date of his sentence as November 14, 2016. (ECF No. 116 at 1.)

[2] Pursuant to the "mailbox rule," the court considers the date a prisoner turns over his filing to prison authorities for mailing as the filing date. See Houston v. Lack, 487 U.S. 266, 270 (1988). While movant did not include a proof of service, his § 2255 motion is dated November 15, 2016. Therefore, the court considers that date as the earliest possible filing date.

appellant voluntarily dismisses his appeal);[3] United States v. Jacobs, No. CV 12-424 SJO (JCG), 2012 WL 1902018, at *2 (C.D. Cal. Feb. 7, 2012) (same), report and reco. adopted, 2012 WL 1902017 (C.D. Cal. May 25, 2012); see also United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005) (case is final for purposes of the statute of limitations when the availability of appeal is exhausted); United States v. Arevalo, 408 F.3d 1233, 1236 (9th Cir. 2005) (voluntary dismissal divests appellate court of jurisdiction). If measured from the date movant's conviction was final, the one-year limitations period expired on June 23, 2016, a year and a day after movant dismissed his appeal, and movant's § 2255 motion, filed in November 2016, is untimely.

Movant argues that he could not have discovered the facts which form the basis of his claims until he had possession of his counsel's trial file and an opportunity to review it. Movant's argument requires a closer examination of his claims and the history of these proceedings.

### A. Claims in the § 2255 Motion

Movant makes the following three claims. The court adds some clarification based on the record.

#### 1. Prosecutorial Misconduct

On August 27, 2013, the prosecution provided movant's trial attorney Clyde Blackmon with a Notice of Intent to Introduce Evidence of Uncharged Conduct. Movant indicates that this evidence was intended to show he had been drawing Office of Workers' Compensation Programs ("OWCP") benefits between 1988 and 1996. On August 30, 2013, without consulting with movant, attorney Blackmon filed a motion to object to the introduction of the evidence of

////

---

[3] Cooper involved a petition by a state prisoner brought under 28 U.S.C. § 2254. It is relevant here because "section 2255 'was intended to mirror § 2254 in operative effect.'" United States v. Winkles, 795 F.3d 1134, 1141 (9th Cir. 2015) (quoting Jones v. Ryan, 733 F.3d 825, 830 n. 1 (9th Cir. 2013)). Where the language of the statutes is "functionally identical," the court in a § 2255 case may apply the reasoning of § 2254 cases. The trigger date for the statutes of limitations for both § 2254 and § 2255 is the date the conviction becomes final on appeal. Compare 28 U.S.C. § 2244(d) with 28 U.S.C. § 2255(f).

Below, the court again cites § 2254 cases in its discussion of movant's argument for equitable tolling. Courts have held that the availability of equitable tolling is similar in § 2254 and § 2255 cases. See United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir. 2004).

uncharged conduct. Movant contends the evidence was false because he did not draw any OWCP benefits prior to 1996. (ECF No. 116 at 13.)

### 2. Ineffective Assistance of Counsel

Movant contends attorney Blackmon rendered ineffective assistance of counsel when he conceded that the evidence of uncharged conduct was admissible, despite also saying that movant did not draw OWCP benefits prior to 1996. Then, based on the strength of this evidence of uncharged conduct, Blackmon convinced movant that he must sign a plea deal because this new discovery "was such that I could not possibly win at trial." (Id. at 14.)

### 3. Prejudice

Movant's third claim is essentially an attempt to show the prejudice he suffered when he was forced, by the prosecution's misconduct and his attorney's unreasonable conduct, to accept a plea deal. Movant states that Blackmon's file contained a copy of a motion in limine to dismiss the case for lack of jurisdiction. He contends that his due process rights were violated because he never received a ruling on that issue.

### B. Due Diligence in Discovering the Factual Bases for Movant's Claims

In his motion, movant contends he could not have discovered the fact the government intended to introduce evidence of uncharged conduct until he received his trial attorney's file in mid-2016, after he was released from custody.

However, the record shows that movant must have been aware of at least some of this evidence in 2014. In a declaration he submitted along with his October 2014 motion to withdraw his plea, movant stated:

> I was never aware of or given the evidence that the government provided to Mr. Blackmon on or about August 14, 23, and 30, nor the further discovery the government provided on or about September 10, 2013, until I obtained my file from Mr. Blackmon last month. I believe such evidence, and my ability to review such evidence, was material to my decision as to whether to plead guilty in this case.

(ECF No. 74, at p. 2, ¶ 6.) Movant does not specify what the material "evidence" and "discovery" were. In his recent filings, movant does not directly address the statements he made in this declaration. He states that in 2014, he had possession of attorney Blackmon's file for only

4

six days before he gave it to his new attorney, Brian Getz. (ECF No. 130 at 2.) Movant clams that at that time, he had no reason to think his attorney or the government had done anything improper. However, movant does not refute the implication that the "discovery" referred to in his 2014 declaration involved, at least in part, uncharged prior conduct.

Also in his October 2014 declaration, movant stated that he understood at that time that the loss calculation would include the "time period outside the dates charged in the indictment." (Id. ¶10.) Finally, and most importantly, movant was present in court during his sentencing proceeding on December 18, 2014. (See Transcript (ECF No. 96).) At that proceeding, there were extensive discussions regarding the offense conduct period for calculating loss. The court noted the government's position that the offense conduct period ran from 1987 to 2011. (Id. at 15 (ECF No. 96 at 17).) Therefore, movant was at that time on notice that there was evidence at issue regarding his receipt of OWCP benefits between 1988 and 1996, the time period he claims he was not receiving benefits.

The record shows that in 2014 movant knew the government was intending to use evidence of prior uncharged conduct for the time period prior to 1996. While movant's 2014 declaration does not describe the "further discovery," he specifically stated in that declaration that he understood the loss calculation would be based on time periods outside those charged in the indictment. In addition, he was present during the December 2014 sentencing hearing and heard the discussions of calculating loss based on an offense period prior to 1996. The court finds movant knew about the basis for his claims herein, or had reason to investigate those claims, in 2014. Because that date precedes the date movant's appeal was final, movant is not entitled to a later trigger date for the statute of limitations under § 2255(f)(4).

**C. Equitable Tolling**

In his opposition to the motion to dismiss, movant contends he should be entitled to equitable tolling because his circumstances are "extraordinary." (ECF No. 30 at 3-4.) However, movant does not explain why that is so. Rather, he then goes on to identify other evidence from trial counsel's files that he contends are the basis for new claims.

////

Equitable tolling is inapplicable here for two reasons. First, equitable tolling is only available where a prisoner can show an extraordinary circumstance made it "impossible to file a petition on time." See Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012). Nothing in this record shows movant was faced with an insurmountable extraordinary circumstance. To the extent movant complains that he was never informed by counsel that he had a right to move under § 2255 for relief, counsel's failure to provide him that information does not constitute an extraordinary circumstance justifying equitable tolling. See Perez v. Hedgepeth, No. CV F 06-00846 AWI DLB HC, 2009 WL 174145, at *5 (E.D. Cal. Jan. 23, 2009) (trial counsel's failure to advise habeas petitioner, who pleaded guilty, of right to appeal and/or ability to seek collateral review does not present extraordinary circumstance justifying equitable tolling); Rigoni v. Hedgepath, No. 2:10-cv-0447 KJN P, 2011 WL 121684, at *2 (E.D. Cal. Jan. 13, 2011) (attorney's failure to inform petitioner of his right to appeal is not extraordinary circumstance). Further, movant's ignorance of the law also does not constitute an extraordinary circumstance justifying equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Second, to obtain the benefit of equitable tolling, movant must also show he was pursuing his rights diligently. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). For the reasons set forth in the prior section, he has not done so. Movant was aware of the basis for his claims, that the government sought to use evidence of movant's conduct prior to 1996, in 2014. The fact that movant waited until he was released in 2016 to obtain his counsel's files does not establish reasonable diligence. Movant fails to show why he could not have sought the files or made other investigations into the government's use of the pre-1996 evidence prior to that time. This court finds movant is not entitled to equitable tolling.

**III.     Conclusion**

The statute of limitations began to run on June 22, 2015 when the Court of Appeals dismissed movant's appeal and expired on June 23, 2016. Movant fails to show he is entitled to a later trigger date for the statute or to equitable tolling. Accordingly, movant's § 2255 motion filed here on November 15, 2016 is untimely and should be dismissed.

////

6

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 122) be granted;
2. Movant's motion to vacate, set aside, or correct his sentence under § 2255 (ECF No. 116) be dismissed; and
3. The Clerk of the Court be directed to close the companion civil case no. 2:16-cv-2764 TLN DB.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Dated: August 11, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/cear0182.mtd 2255

7